UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>   Plaintiff, )<br>   )<br>v. )<br>   )<br>ROBERT EARL WALLACE, )<br>   )<br>   Defendant. ) | Criminal Action No. 17-118-KKC-CJS-3<br>Civil Action No. 23-161-KKC-CJS<br><br>**ORDER AND**<br>**REPORT AND RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 filed by Defendant Robert Earl Wallace. (R. 783). Pursuant to local practice, the Motion has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and for preparation of a report and recommendation under 28 U.S.C. § 636(b).[1] After conducting a preliminary review of Wallace's § 2255 Motion, it will be recommended that the Motion **be denied**.

**I.   BACKGROUND**

Between March 2014 and April 2017, Robert Wallace played a comparatively small role in a somewhat complicated drug-trafficking operation. *See United States v. Matthews*, 31 F.4th 436, 443-45 (6th Cir. 2022). Suffice it to say that couriers working with a Mexican drug cartel were chartering private airplanes to traffic drugs and drug proceeds throughout the United States. Wallace was a pilot for at least one of those flights. *See id*. A federal grand jury returned an

---

[1] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]"

indictment charging Wallace, along with his co-conspirators, with conspiracy to distribute five kilograms or more of cocaine and 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count 1); conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count 2); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 3). (*See* R. 1). At the Initial Appearance and Arraignment, Wallace pleaded not guilty to the charges in the Indictment and the United States did not seek detention. (*See* R. 25). Wallace was released on bond with certain terms and conditions. (*See id.*). As relevant here, Wallace's travel was restricted to the Northern District of California generally and to the Eastern District of Kentucky for case-related purposes. (*See* R. 27). In addition, Wallace was permitted to continue his professional piloting so long as the flight was within the United States and the details of the flight plan were submitted to the United States Probation Office ("USPO") in advance. (*See id.*).[2]

Pursuant to a plea agreement, Wallace pleaded guilty to Count 1 in exchange for the dismissal of Counts 2 and 3. (*See* R. 463; R. 462). On October 2, 2020, Wallace was sentenced to a below-Guidelines term of imprisonment of 60 months, followed by a 5-year term of supervised release. (*See* R. 666). Wallace was ordered to self-surrender for service of his sentence by January 15, 2021, and was placed on home detention with electronic monitoring pending his self-surrender. (*See id.*). Judgment was entered on October 5, 2020 (R. 668) and Wallace appealed on October 15, 2020 (R. 675). Wallace's request to extend his self-surrender date to allow him sufficient time to receive the COVID-19 vaccine was granted (*see* R. 699). On April 15, 2021, Wallace timely self-surrendered to the Bureau of Prisons ("BOP"). On April 11, 2022, the Sixth Circuit affirmed

---

[2] On July 5, 2018, a federal grand jury returned a superseding indictment charging the same counts as the first Indictment and adding three additional co-conspirators. (*See* R. 78). Pursuant to a Waiver of Personal Appearance (R. 92), Wallace, through counsel, pleaded not guilty to the charges alleged in the Superseding Indictment and remained on bond (*see* R. 96).

the procedural and substantive reasonableness of Wallace's sentence. (*See.* R. 765); *Matthews*, 31 F.4th at 456-59. Wallace did not file a petition for writ of certiorari with the Supreme Court of the United States.

On May 24, 2023, Wallace filed the instant § 2255 Motion, requesting "[c]larification of the Court's October 5, 2020 Judgment that the post-sentencing home confinement counts towards service of Movant's 60 month sentence under 18 U.S.C. § 3585(b)." (R. 783 at Page ID 16291). He argues that pursuant to *Reno v. Koray*, 515 U.S. 50 (1995), his post-sentencing home confinement constituted "official detention" under 18 U.S.C. § 3585(b) and therefore the 6 months and 13 days he spent on home confinement prior to his self-surrender should count toward service of his 60-month sentence. (*See* R. 783 at Page ID 16292). Wallace informs that he has "applied multiple times through the BOP's administrative process" but the BOP is refusing to grant him credit for his home confinement. (*Id.*). Thus, Wallace asks the Court to grant him that credit.

## II.   DISCUSSION

As an initial matter, the relief Wallace seeks (credit for time served under home confinement) is not cognizable under 28 U.S.C. § 2255. "Although courts may conduct judicial review of the BOP's computations of credit for time served, the proper mechanism to challenge those computations is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241." *United States v. Dandridge*, No. 21-1234, 2021 WL 7368669, at *2 (6th Cir. Nov. 5, 2021) (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)); *see McDowell v. United States*, No. 13-2647-STA-tmp, 2016 WL 8711560, at *11 (W.D. Tenn. Aug. 26, 2016) (noting "the proper procedure [for review of the BOP's computation of credits] is to seek judicial relief pursuant to 28 U.S.C. § 2241, not through a § 2255 motion"). Thus, Wallace's § 2255 Motion could be denied for failure to state a claim cognizable under § 2255.

As a *pro se* litigant, however, Wallace is afforded some leniency in his filings; thus, the Court will construe his § 2255 Motion as a Petition for Habeas Corpus under § 2241. *See Fisher v. Rose*, 757 F.2d 789, 792 n.2 (6th Cir. 1985) (construing counseled § 2254 petition as being brought under § 2241).[3] But unfortunately for Wallace, this Court lacks jurisdiction over the construed § 2241 petition. *See Martin v. Perez,* 319 F.3d 799, 802 (6th Cir. 2003) (§ 2241 petition "must be filed in the district court that has jurisdiction over a prisoner's place of confinement"); *also see Dandridge*, 2021 WL 7368669, at *2 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)). The BOP's online inmate locator indicates that, as of the date of this Report and Recommendation, Wallace has been moved to a Residential Reentry Management (RRM) field office in Sacramento, California.[4] According to the BOP's website, RRM Sacramento manages federal halfway houses throughout the Eastern and Northern Districts of California. At the time Wallace mailed the Clerk his § 2255 motion (now construed § 2241 petition) for filing, he was housed at USP Lompoc in the Central District of California. (*See* R. 783 at Page ID 16283). The Sixth Circuit and "numerous other courts have held that jurisdiction over a § 2241 petition is determined *at the time the petition is filed*, and that the subsequent transfer of the prisoner will not defeat habeas jurisdiction." *Snyder v. Johns*, Civil Action No. 0:11-00100-HRW, 2011 WL

---

[3] In a recent decision, the Supreme Court commented on the parties' debate about whether a prisoner's challenge to "the legality of his *detention*" . . . "depend[s] on the saving clause [under § 2255(e)] or proceed[s] under § 2241 'directly.'" *Jones v. Hendrix*, 599 U.S. 465, 475-76 (2023) (emphasis in original); *see id*. (providing example of a prisoner's claim "that he has unlawfully been denied parole or good-time credits"). The Court noted that it was "difficult to imagine a case in which this logical distinction would make any practical difference." *Id*. In other words, Wallace's claim for relief could arguably proceed under either § 2255(e) or § 2241. Notably, however, the Sixth Circuit has held that "[t]he unavailability of § 2255 relief does not alone establish inadequacy or ineffectiveness under the savings clause." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Thus, the fact that Wallace's challenge to the BOP's computation of credits is not cognizable under § 2255 does not permit him to proceed under the savings clause. Therefore, Wallace's Motion will be construed as a petition under § 2241.

[4] The BOP's online inmate locator is publicly available at https://www.bop.gov/inmateloc/.

4

4352558, at *2-3 (E.D. Ky. Sept. 16, 2011) (emphasis in original) (collecting cases). Thus, the Central District of California has proper jurisdiction over Wallace's construed § 2241 petition.

The question then becomes whether this Court should dismiss Wallace's construed § 2241 petition for lack of jurisdiction or transfer it to the Central District of California where Wallace was confined at the time of filing. Federal civil actions can be transferred between federal courts pursuant to 28 U.S.C. § 1631. The statute provides that where a filing court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed[.]" 28 U.S.C. § 1631.

On the other hand, "[a] court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) transfer would not be in the interest of justice." *Roman v. Ashcroft,* 340 F.3d 314, 328 (6th Cir. 2003) (internal quotation omitted). In *Roman v. Ashcroft,* the Sixth Circuit determined the transfer was in the interest of justice because if dismissed rather than transferred, the petitioner would incur an additional expense by having to refile the § 2241 petition in another district. *Id.* at 329 ("We believe that it would be in the interest of justice to transfer the action because a dismissal of the action would only cause Roman to incur the additional expense of filing the same habeas corpus petition in the Western District of Louisiana."). Recent opinions from the Sixth Circuit, although unpublished, suggest that dismissing a § 2241 petition for lack of jurisdiction remains appropriate, and the petitioner carries the burden to demonstrate that the interest of justice requires transfer rather than dismissal. *See Gordon v. Warden, USP Lewisburg*, No. 19-3063, 2019 WL 3297519 (6th Cir. May 17, 2019) (citing *Roman*, 340 F.3d at 319) ("The district court correctly dismissed Gordon's § 2241 habeas petition because Gordon filed his motion in the United States District Court for the Southern District of Ohio, even though he was confined

in Tucson, Arizona."); *Toaz v. United States*, No. 19-1044, 2019 WL 11891949, at *2 (6th Cir. Mar. 19, 2019) ("Finally, Toaz has not shown that the district court was required by the interest of justice to transfer the case to the district of his confinement for treatment as a § 2241 petition.").

Here, Wallace has not demonstrated that the interest of justice requires transfer of his construed § 2241 petition to the Central District of California. Wallace was sentenced to a term of imprisonment of 60 months and surrendered to BOP custody on April 15, 2021. According to the BOP inmate locator website, after previously being incarcerated at USP Lompoc, Wallace is currently assigned to the RRM Sacramento field office and has a release date of July 17, 2024. Thus, since self-surrendering on April 15, 2021, to serve his sentence, Wallace has been in BOP custody about 33.5 months to the present time and will have been in BOP custody about 39 months at his projected release date. Therefore, it appears Wallace's request for sentencing credit for his post-sentencing/pre-surrender home confinement period may be moot or he may have already received the requested relief through the BOP. Moreover, transfer versus dismissal based on Wallace avoiding a second filing fee for a § 2241 petition is also not of concern because Wallace has not paid a first filing fee to this Court given that his filing was made as a § 2255 motion, presented on the standard form for a § 2255 motion, and "[n]o filing fee is required for motions under 28 U.S.C. § 2255." LR 5.4(a)(2). In short, in exercising its discretion, a transfer by this Court to the Central District of California is not in the interest of justice and a dismissal of Wallace's construed § 2241 petition for lack of jurisdiction will instead be recommended. *See Taylor v. Morrison*, 14 F. App'x 380 (6th Cir. 2001) (affirming district court's decision to dismiss, rather than transfer, a § 2241 petition).

### III.   CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to § 2255 motions). Where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, Wallace's presentation is not cognizable as a § 2255 motion and the rejection of his § 2255 filing on this basis is not debatable nor does it deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability should be denied upon the entry of a final order in this matter.

IV.   **ORDER AND RECOMMENDATIONS**

For the foregoing reasons, **IT IS ORDERED** that the Clerk shall update Wallace's address on the docket and send a copy of this Report and Recommendation to that address, which is:

> Robert Earl Wallace, Reg. #21772-032
> c/o RRM Sacramento
> Residential Reentry Office
> 501 I Street, Suite 9-400
> Sacramento, CA  95814

Further, **IT IS RECOMMENDED** that:

1. Wallace's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 783) **be construed** as a Petition for Habeas Corpus Under 28 U.S.C. § 2241 and, as so construed, **be dismissed without prejudice**;

2. a Certificate of Appealability **be denied** in conjunction with the entry of a final order in this matter; and,

3. Wallace's related collateral civil proceeding **be dismissed and stricken** from the active docket.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or recommendations may be served and filed for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 2nd day of February, 2024.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 prelim review\17-118-KKC Wallace Order and R&R.docx